**Khan v. Harrisburg Zoning Hearing Board**

*Charles E. Zaleski,* for appellant.
*Nathan H. Waters, Jr.,* for board.

PER CURIAM, January 14, 1981—This is an appeal from a decision of the Zoning Hearing Board of the City of Harrisburg, denying applicant a special exception permit to modify a single dwelling to one containing five dwelling units.

The zoning ordinance of the City of Harrisburg in section 1327.02(d) empowers the zoning hearing board, in its discretion, to issue a permit in a residence zone for the conversion of an existing building to allow multiple dwelling. The limitations imposed on the board's authority are as follows:

"(2) The Board shall find as a condition precedent to the granting of such permit that the existing characteristics of said building vary sufficiently from the typical building type(s) of the zone in which located that said building may not be economically converted to a dwelling type permitted in that zone;[1] and

"(3) The Board shall further find that the proposed conversion is to the minimum number of dwelling units which will permit the economical conversion of said building to residential use."

Appellant's first contention is a technical one in which he argues he is entitled to the permit as a matter of law, in that the board's decision was not issued in writing within 45 days of the last hearing before the board, as required by section 908(9) of the Pennsylvania Municipalities Planning Code [hereinafter, MPC] of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(9).

Hearings were conducted and testimony was received by the board on October 24 and November 7,

---

1. i.e., single family dwellings in this case.

1979. On December 12, 1979 another session was held by the board, after advertising that its decision would be announced on that date. The applicant was present, no testimony was received and the meeting consisted only of each member of the board formally voting to deny the request for a special exception. A stenographic transcript of this session of the board is part of the record before us. Written findings of facts and conclusions of law were subsequently prepared and filed, reaffirming the denial. This was accomplished on January 31, 1980, although the written order of denial contained therein continues to speak of December 12, 1979. Appellant received a copy of this document on February 5, 1980.

Section 908(9) of the MPC, 53 P.S. § 10908(9), provides:

"The board . . . shall render a written decision . . . *within forty-five days after the last hearing before the board* . . . where the application is contested or denied, each decision shall be accompanied by findings of facts and conclusions based thereon together with the reasons therefor. . . . *Where the board . . . fails to render the [decision] within the period required by this subsection, the decision shall be deemed to have been rendered in favor of the applicant. . . .*" (Emphasis supplied.)

Appellant contends that the action taken by the board on December 12, 1979 did not constitute a written decision as required by the act, and that more than 45 days elapsed between the hearing of November 7, 1979 and the issuance of a written decision on January 31, 1980. In accordance with the terms of the statute, he claims he is entitled to a permit because of the board's failure to render a timely written decision. Even recognizing the

4

meeting of December 12, 1979 as the "last hearing" of the board, appellant argues that the board nonetheless did not render a *written* decision *in 45 days*, as required by the act, since January 31, 1980 was some 50 days later.

Appellant relies on the recent case of Quality Food Markets, Inc. v. Zoning Hearing Board of South Lebanon Township, 50 Pa. Commonwealth Ct. 569, 413 A. 2d 1168 (1980). We find this case practically on all fours with the within situation and we believe it mandates that the within appeal be sustained. In Quality Food the Zoning Board of South Lebanon Township (Lebanon County) was considering a request for a special exception and had concluded the testimony on May 18, 1978. The board met in session on June 1, 1978, for deliberations, and then announced that the request for special exception was denied. No written decision was rendered until July 17, 1978. The Commonwealth Court held that the clear language of section 908(9) of the MPC requires the board to "'render a *written* decision,'" (emphasis in original) and that the court had no option except to apply this provision according to its unambiguous terms. Since a written decision was not filed by the board in 45 days, the court declared that a permit for the applicant was mandated.

The city seeks to distinguish this case by pointing to the fact that the oral announcement made by the board on December 12, 1979 was reduced to writing by a court reporter and was lodged with the city on or about December 28, 1979.[2] It is advanced that this transcript constitutes a *written* decision of the board and meets the requirement of the MPC, as

2. The record does not disclose when this transcript was filed with the board and this date is taken from the city's brief.

interpreted in Quality Food. While this argument may have a positive emotional appeal, it is legally unsound. The statute requires that "'the *board* . . . shall render a written decision'" (emphasis supplied), and the transcript was not a writing rendered by the board. Furthermore the whole scheme of the MPC contemplates a definitive written decision by the board with notice to the applicant, and apparently the applicant was not supplied with the proffered transcript.

But even assuming we could view the transcript as being a written decision by the board, there is yet another impediment to the City's position. In Quality Food, the Commonwealth Court approved the determination, by the lower court, of the date of the "'last hearing before the board'" for purposes of calculating the 45 day period. Judge Gates decided that the "last hearing" was held on May 18, 1978 when the testimony was concluded, and that the 45 day period began to run from that date, and not from the date that the board met and announced its decision, June 1, 1978.

Applying the holding of Quality Food, the "'last hearing before the board'" in this case occurred on November 7, 1979 when the testimony was concluded. Thus, the MPC required a written decision by approximately December 24, 1979, and the written transcript was not filed by that date. The city's contention, that the transcript of the December 12, 1979 meeting can save the day, must fail.

While we find none of the equities are with the appellant (he was actually present on December 12, 1979 when the decision was announced) it is readily apparent that our appellate court requires literal compliance by zoning boards with the language of the statute, and it is regrettable that the board in this case failed to meet the requirement of

the law with regard to timely rendering its written decision. The language of the statute is uncomplicated and clear, as is the sanction for failure to follow the act, and compliance with the liberal time allowed for a written decision would appear to impose no particular burden on the board. As a result of the manner in which this case was handled, the appellant has obtained on a legal technicality that which, in our judgment, he could not obtain on the merits of his application.

We regret, too, that the legislature has not seen fit to amend the MPC to avoid such obvious inequities. Certainly the ends of justice are not served by the harsh consequences provided for in this particular code provision.

### ORDER

And now, January 14, 1981, the within appeal is sustained and defendant is directed to issue the special permit sought by appellant.