Quality Food Markets, Inc., Appellant *v.* Zoning Hearing Board of South Lebanon Township, Appellee.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Melvin E. Newcomer, Barley, Snyder, Cooper & Barber,* for appellant.

*Joel M. Breitstein,* for appellee.

OPINION BY JUDGE BLATT, April 17, 1980:

Quality Food Markets, Inc. (appellant) appeals from an order of the Court of Common Pleas of Lebanon County which upheld a refusal by the Zoning Board of South Lebanon Township (Board) of the appellant's request for a special exception.

The appellant owns a tract of land in South Lebanon Township on which there is a small convenience-type grocery store. Desiring to install self-service gasoline pumps on the property, the appellant sought a special exception pursuant to the existing zoning ordinance. After the Zoning Hearing Officer of South Lebanon Township denied the permit, the appellant appealed to the Board. On May 18, 1978, a public meeting was held at which testimony was received and which concluded with a statement by the Board chairman that no more testimony would be heard and that the decision would have to be rendered within 45 days unless the appellant agreed to an extension of time.

On June 1, 1978, another meeting of the Board was held for what the Board chairman referred to as "deliberation and discussion among the Board members", and at which he indicated that all of the evidence had already been taken at the meeting on May 18. At the conclusion of the June 1 meeting and while the appellant's counsel was present, an oral announcement of the Board's decision denying the appellant's request was made, but no written decision was rendered until July 17, 1978.

On appeal to the Court of Common Pleas the appellant argued that the Board's decision should be reversed because (1) it was not rendered within 45 days of the May 18 meeting as required by Section 908(9) of the Pennsylvania Municipalities Planning Code[1] (MPC) and (2) the appellant was entitled to a special exception as a matter of law. Without taking additional testimony the court affirmed the Board's decision on the grounds that (1) although the May 18 meeting was the final hearing and the decision had to be rendered within 45 days of that date, the announcement of the decision on June 1 when the appellant's counsel was present satisfied the MPC's requirement and (2) the Board's findings on the proposed use were supported by the record and no error of law was made with respect to the Board's decision.

In this appeal the appellant once again argues that it is entitled to the special exception because the Board failed to issue a written decision within 45 days of the hearing on May 18.

Section 908(9) of the MPC provides in pertinent part:

(9) The board or the hearing officer, as the case may be, shall render a *written* decision . . . on the application within forty-five days after the last hearing before the board or hearing

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9).

officer. . . . Where the board fails to render the decision within the period required by this subsection . . . , the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. (Emphasis added.)

The threshold inquiry here must therefore be the determination of the date of the "last hearing before the Board." The court below concluded that, for purposes of determining conformity with this section of the MPC, the last hearing was May 18, and based its conclusion on its finding that the presentation of evidence was concluded at that meeting.

Having determined that May 18 was the operative date, the Court held that the written decision rendered on July 17 was not provided within 45 days thereof. The question then became whether or not the MPC requires that the Board's initial decision be in writing, and the Court concluded that it did not, relying on our decision in *A.Z.J.Z., Inc. v. Township of Springfield*, 36 Pa. Commonwealth Ct. 161, 387 A.2d 675 (1978), in which we held that the 45-day requirement is satisfied when the parties are specifically notified of a decision within 45 days even though the decision is not then accompanied by findings of fact, an opinion or any explanation of the result. We had previously reached a similar result in *Heisterkamp v. Zoning Hearing Board*, 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). In both of these cases, however, the initial decision rendered by the Board had been *in writing,* and we are unable to find any instance in which we have permitted merely oral communication of the decision to satisfy the MPC's requirement. In addition, we have previously held in *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971) that the essence of the 45-day requirement of Section 908(9) of the MPC is the

rendering of a written decision within the fixed time, not the giving of notice that a decision has been made.

The most compelling reason, however, for holding that the statute requires written notice is the clear language of Section 908(9) of the MPC which clearly directs the Board to "render a *written* decision." We believe that in the absence of any ambiguity surrounding the words of the statute we are compelled to require a literal interpretation. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1921(b).

We must therefore reverse the decision of the court below and direct the Board to issue the appropriate permit in accordance with Section 908(9) of the MPC.

ORDER

AND Now, this 17th day of April, 1980, the order of the Court of Common Pleas of Lebanon County is reversed and the case is remanded to the Zoning Hearing Board of South Lebanon Township for proceedings consistent with this Opinion.

President Judge BOWMAN did not participate in the decision in this case.