592 A.2d 127

**SOUTH LEBANON TOWNSHIP ZONING HEARING BOARD, Appellant,**

v.

**Paul A. WEBER and Sycamore Park, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1991.

Decided May 30, 1991.

Harry W. Reed, Lebanon, for appellant.

Stanley A. Smith, Harrisburg, for appellees.

Before CRAIG, President Judge, DOYLE, (P.), J., and BARRY, Senior Judge.

CRAIG, President Judge.

The South Lebanon Township Zoning Hearing Board appeals from an order of the Court of Common Pleas of Lebanon County granting summary judgment to Paul A. Weber and Sycamore Park, Inc. on his action in mandamus to compel the board to issue a zoning permit to Weber as a result of the board's failure to render a decision on Weber's zoning application within the 45–day period required by § 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[1] providing in relevant part:

> The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer.... Where the board fails to render the decision within the period required by this subsection, or requires to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.

We affirm the trial court's order.

There are two issues in this case: (1) whether the board's hearing of June 7, 1989 constituted a "final hearing" under the MPC, and (2) whether Weber waived the 45–day deadline as set forth in the MPC.

The facts, as found in the opinion of Judge Robert J. Eby, are as follows.

On April 24, 1989, Weber filed an application for a special exception with the board to create a mobilehome park on land in South Lebanon Township. On June 7, 1989, the board heard evidence regarding Weber's proposed park. At the close of the June 7, 1989 hearing, the board stated that

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9).

it would "deliberate and hold a subsequent public *meeting* to announce its deliberations." (Emphasis added.) However, after the June 7, 1989 hearing, the board sent a letter to Weber's attorney informing him that "the board (would) hold a public *hearing* in order to reach its final decision in this matter." (Emphasis added.) On September 21, 1989, Weber's attorney sent a letter to the board asking the board to grant his special exception permit pursuant to § 908(9) of the MPC. On October 4, 1989, the board scheduled another hearing for October 25, 1989. On October 23, 1989, Weber filed an action in mandamus to compel approval of his special exception permit. The trial court granted summary judgment to Weber on his action in mandamus to compel the board to issue a special exception permit as a result of the board's failure to render a decision on Weber's permit within the 45–day period required by § 908(9) of the MPC.

The board now appeals to this court[2] seeking to overturn the trial court's order.

### 1. Final Hearing

The first issue in this case is whether the June 7, 1989 hearing constitutes the final hearing under § 908(9) of the MPC, thus triggering the 45–day deadline for a decision.

At the close of the hearing on June 7, 1989, the attorney for the township requested that certain conditions be placed on Weber's permit. The attorney for the board then stated:

The board has consulted here and they are going to adopt that as their procedure, allow Mr. Kilgore (attorney for the township) fifteen days to respond. The board will deliberate and hold a subsequent public *meeting* to announce its deliberations. The public *meeting* will be

---

**2.** Although this court follows *Lansdowne Borough Board of Adjustments Appeal,* 313 Pa. 523, 170 A. 867 (1934) (zoning hearing board lacks appellant standing in this court, in a statutory zoning appeal), the board, in the present case, has standing because *Lansdowne* is not applicable where the board is a party sued in mandamus and not in the position of a tribunal participating as appellant in an appeal of its own decision.

advertised and you will be able to attend that meeting. Anyone else who cares to submit in writing any position shall be free to do so also within the next fifteen days. (Emphasis added.)

After the attorney for Weber requested a clarification regarding the conditions the township proposed, the attorney for the board stated:

The proposal as I understand—in fact, what I think Mr. Kilgore was suggesting, correct me if I am wrong about your position in this matter, his position is that the township agrees that you meet the special exceptions. In fact, he made that statement. The township was going to recommend to the board that certain conditions be placed on the approval that they give, and he was going to take the fifteen days to prepare in writing those recommendations. My proposal is for you to have ten days after that, and a copy to be sent to Mr. Smith (the attorney for Weber) and ten days after your receipt of that for you to be able to respond to the recommendations of the township and recommendations of other members of the public.

Thus, the record substantiates the trial court's finding that the June 7, 1989 hearing was indeed the final hearing, and that any subsequent gathering of the board constituted merely a meeting to announce the decision of the board.

The board argues that *Bucks County Housing Development Corp. v. Plumstead Township*, 45 Pa.Commonwealth Ct. 532, 406 A.2d 832 (1979), supports its claim that the June 7, 1989 hearing was not a final hearing triggering the 45–day requirement. In *Bucks County,* the applicant pursued before the zoning hearing board a validity appeal attacking the constitutionality of a zoning ordinance amendment. The board held hearings on eight dates between July 29, 1975 and March 11, 1976, and on April 13, 1976, the board did not take evidence but adopted a motion that the board continue the hearings pending the resolution of an issue regarding the payment of stenographic expenses and expenses of the solicitor to the board. The applicant refused

to pay the expenses of the board's solicitor and, on July 13, 1976, 91 days after the April 13, 1976 hearing, filed an action in mandamus to compel approval of its application pursuant to § 908(9). The issue in the case was whether the hearings were discontinued or merely suspended; we held that, because the board unlawfully required the applicant to pay certain expenses before the hearings could resume, the April 13 hearing was the "final hearing" triggering the 45–day requirement for a decision.

The board in the present case argues that, because in *Bucks County* neither party presented evidence at the April 13, 1976 hearing, a board meeting conducted solely to make a decision can constitute the final hearing triggering the 45–day requirement. Thus, the board argues, the June 7, 1989 hearing in this case, where the board did not render a decision, was not the final hearing triggering the 45–day requirement, the commencement of which would have to date from October 25, 1989, when this board reached its decision.

However, the *Bucks County* case is distinguishable from the present case. In *Bucks County*, the issue of whether the April 13, 1976 hearing triggered the 45–day requirement turned on that board's unwarranted extension of proceedings on the basis of an unlawful attempt to impose costs. The issue did not turn on the nature of the April 13, 1976 hearing. Thus, *Bucks County* does not stand for the proposition that a decision-making hearing must be the final hearing.

In the present case, the record indicates that the June 7, 1989 hearing was the final hearing, and that no further hearings would be necessary. Therefore, *Bucks County* does not support the board's argument.

■ The board also argues that the board could not have issued a decision within 45 days from June 7, 1989 because the township presented several complex suggestions to the board at the close of the hearing. However, in *Bucks County*, this court stated that the purpose of § 908(9) is to ·

prevent procrastination and delay by the board in rendering its decision. Thus, to accept the board's argument would subvert the purpose of § 908(9) by allowing the 45–day period to be deferred by merely propounding conditions for response.

■ Nor can the board here rely on the fact that, after announcing at the June hearing only a future decision date, it later met on October 25, 1989 and received some citizen testimony, a proceeding in which Weber—who had by then filed his mandamus action—refused to participate.

■ The same principle against procrastination requires a conclusion that, after ending hearings and announcing a decision date, a board cannot postpone the 45–day period commencement by an attempt to revive the hearing process with a later announcement.

## 2. *Waiver*

■ The board argues that Weber waived the 45–day requirement at the June 7, 1989 hearing, and contends that, because a genuine issue of fact exists, the trial court's summary judgment is improper.

The record does not reflect a waiver made by any party at the June 7, 1989 hearing; however, the board argues that a scrivener's error failed to set down Weber's waiver of the 45–day requirement. At the October 25, 1989 hearing, the board's attorney asked members of the board if Weber's attorney waived the 45–day requirement at the June 7, 1989 hearing. The board responded unanimously that Weber's attorney waived the 45–day requirement. However, the attorney for Weber denied waiving the 45–day requirement.

As to whether Weber waived the 45–day requirement, Judge Eby determined that:

The Code is specific about the need for a written or recorded agreement by the applicant for an extension of time for the board's decision after the 'last' hearing in the matter. . . .

Thus, whether there exists a written or recorded agreement to waive the 45–day time limit is key. If there is no written or recorded waiver, the applicant is entitled to relief.

In the present case, there is no written or recorded waiver. Because there is no genuine issue of fact regarding the 45–day waiver, the trial court properly granted Weber's summary judgment.

Accordingly, the decision of the trial court is affirmed.

## ORDER

NOW, May 30, 1991, the order of the Court of Common Pleas of Lebanon County, Action No. 89–01481, dated July 6, 1990, is affirmed.