Jessica WISTUK, Appellant

v.

**LOWER MT. BETHEL TOWNSHIP ZONING HEARING BOARD and Lower Mt. Bethel Township Board of Supervisors.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 2005.

Decided Nov. 23, 2005.

Peter C. Layman, Bangor, for appellant.

Dwight L. Danser, Easton, for appellee, Lower Mt. Bethel Township Zoning Hearing Board.

Christopher T. Spadoni, Bethlehem, for appellee, Lower Mt. Bethel Township Board of Supervisors.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Jessica Wistuk (Wistuk) appeals from an order of the Court of Common Pleas of Northampton County (trial court) affirming the decision of the Zoning Hearing Board of Lower Mt. Bethel Township (Board) denying her request for a deemed approval of a variance and special exception to operate a dog kennel on her property located in Lower Mt. Bethel Township (Township).

Wistuk owns approximately 17 acres of land in an Agricultural Zoning District of the Township where she owns many farm animals, including horses, donkeys, hens, goats and chickens. She also owns pigs and steer which she slaughters. These animals are permitted in that area pursu-

ant to Section 310 of the Zoning Code which provides: "ANIMAL HUSBAND-RY. The raising and keeping of livestock and poultry for capital gain, not including household and farm pets." [1] She initially began raising puppies in the basement of her home as a breeder for purposes of selling them and then decided to expand her business into kennel operations. Apparently prior to obtaining the proper permits, Wistuk began her kennel operations, and she was issued an enforcement notice by the Township Zoning Officer charging her with operating a commercial dog kennel in the Township's Agricultural Zoning District without a permit.

Wistuk filed an appeal to the Board requesting that it 1) allow her to continue to operate a commercial kennel within an Agricultural Zoning District pursuant to Section 310 of the Zoning Ordinance as falling within the definition of animal husbandry; 2) grant a special exception to operate the kennel in an Agricultural Zoning District; 3) grant a vested rights permit to allow her to continue a commercial kennel operation within an Agricultural District; and 4) grant her a variance to have a dog run located within 300 feet of the nearest adjoining residence. Evidence was presented at five hearings before the Board on April 16, 2002; May 7, 2003; July 15, 2003; August 14, 2003; and September 30, 2003. At the close of the September 30, 2003 Board meeting, the Board announced that the record was closed effective September 30, 2003, and it would deliberate the matter on October 22, 2003.

It stated that no testimony or oral arguments would be permitted on October 22, 2003, but that legal arguments could be submitted via briefs by counsel for consideration.

The Board held its meeting on October 22, 2003, at which no counsel from the September 30, 2003 hearing appeared. The Board issued a written decision on November 28, 2003, denying Wistuk's request to classify a commercial dog kennel as falling within the definition of animal husbandry under Section 310 of the Zoning Ordinance; denying her request for a special exception to operate a commercial dog kennel at her property in an Agricultural Zoning District; denying her request for a vested rights permit to continue a commercial dog kennel operation within an Agricultural Zoning District; and denying her request for a variance to have a dog run located within 300 feet of the nearest adjoining residence.

From that decision, Wistuk filed with the trial court a complaint in mandamus against the Board arguing that she was entitled to a deemed approval of her application for a variance and special exception because the Board failed to render a written decision within 45 days after the last hearing on September 30, 2003, as mandated by Section 908(9) of the Municipalities Planning Code (MPC).[2] Wistuk alleged that the Board did not issue its written decision until November 28, 2003, which was 59 days after the last Board hearing, and she did not agree on the record or in writing to extend the 45-day period for

---

**1.** No issue has been raised regarding whether her other animals are kept for capital gain.

**2.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9). Section 908(9) of the MPC provides, in relevant part:

> The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board ... where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

rendering its decision. In response, the Board argued that its last hearing was on October 22, 2003, and its November 28, 2003 written decision was well within the mandated 45–day period as it was issued 37 days later.

The trial court denied Wistuk's request for a deemed approval of her requested variance and special exception finding that the October 22, 2003 meeting was the last hearing and the 45–day period ran from that date. The trial court relied on this court's decision in *Hogan v. Pequea Township Zoning Board,* 162 Pa.Cmwlth. 282, 638 A.2d 464, *petition for allowance of appeal denied,* 538 Pa. 651, 647 A.2d 905 (1994), where we held that the MPC did not limit the term "hearing" to proceedings where the Board only received substantive evidence. The trial court further found that Wistuk had waived her right to argue that October 22, 2003, was the last hearing because both she and her counsel appeared at the September 30, 2003 hearing, and neither objected to the post-September 30, 2003 briefing period or questioned the effect briefing would have after the close of the evidence on the 45–day decision period.

Wistuk then filed this appeal, still maintaining that the October 22, 2003 Board meeting did not constitute a "hearing" because no testimony was taken, and just because briefs were submitted after the close of the September 30, 2003 hearing did not make the October 22, 2003 meeting a "hearing." [3] She also argues that she did not waive the issue of the 45–day deemed approval rule at either the September 30, 2003 hearing or the October 22, 2003 meeting. We need only address the waiver argument because we agree with the trial court that she did, in fact, waive

her right to contest that the October 22, 2003 meeting was the last hearing, making it unnecessary to reach the first issue raised.

In *Hogan,* this Court dealt with the similar issue of waiver and a board hearing involving the 45–day decision. There, a board similarly closed the record at the end of a July 23, 1991 hearing on a special exception requested by Hogan, but indicated that oral argument would occur on the next hearing date on September 19, 1991. Hogan did not object to that next hearing date. Between those two dates, the parties filed proposed findings of facts and conclusions of law. Hogan filed a legal memorandum on September 6, 1991, which was exactly 45 days after the July 23, 1991 hearing. On September 13, 1991, Hogan notified the parties that he believed he was entitled to a deemed approval and refused to participate in the September 19 hearing. Regardless, the board held its hearing denying his special exception. Hogan appealed the Board's decision and the trial court determined there was no deemed approval. On appeal to this Court, we affirmed because Hogan did not object to the September 19, 1991 date as a additional hearing date, stating: "Even if Hogan otherwise would have been entitled to a deemed approval of its special exception application, it waived its right to that deemed approval by failing to object to the previously announced argument date." *Id.* at 499, 638 A.2d 464. Wistuk argues that because this case is factually different in that oral argument was allowed at the next hearing where, here, no argument was allowed, it is inapplicable.

While the cases may be slightly different in that respect, it is right on point as to the waiver issue. While the evidentiary hear-

---

**3.** Our scope of review of an order denying mandamus is limited to determining whether the trial court has abused its discretion or committed an error of law. *Malone v. West Marlborough Township Board of Supervisors,* 131 Pa.Cmwlth. 347, 570 A.2d 147 (1990).

ing in this case ended at the September 30, 2003 hearing, the Board made it clear that the record would remain open until October 22, 2003, to receive briefs. As the trial court in this case pointed out, at no time did Wistuk or her counsel object to the post-September 30, 2003 briefing period or question the effect the briefing offered by the Board on the 45–day decision period. When she failed to object to allowing the record to remain open until October 22, 2003, to receive briefs, Wistuk; like the applicant in *Hogan,* waived her right to contend that the 45 days began from the September 30, 2003.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this *23rd* day of *November,* 2005, the order of the Court of Common Pleas of Northampton County, dated December 8, 2004, is affirmed.

### DISSENTING OPINION BY Judge FRIEDMAN.

The majority holds that Jessica Wistuk (Wistuk) has waived her right to seek a deemed approval of her application for a variance and special exception to operate a dog breeding facility on her property in Lower Mt. Bethel Township (Township). Because I believe that Wistuk is entitled both to seek and to obtain the deemed approval, I respectfully dissent.

As described by the majority, the present matter arose when the Township Zoning Officer issued an enforcement notice charging Wistuk with operating a dog kennel in the Township's agricultural zoning district without a permit. Wistuk filed an appeal to the Zoning Hearing Board of

Lower Mt. Bethel Township (Board) and also requested a variance and special exception to permit operation of the kennel. Testimony and substantive evidence was presented at five hearings held before the Board on April 16, 2003, May 7, 2003, July 15, 2003, August 14, 2003, and September 30, 2003.

At the conclusion of the September 30, 2003, hearing, Dwight Danser, the Board Solicitor, made the following statement:[1]

MR. DANSER: We're going to close the record. Everybody is done. Good. Close the record. Given the hour of the night, I think the procedure to follow is this: Why don't you send me your position in writing, your legal argument in writing, the position you're taking with a copy to all counsel of course. All other counsel will respond and I'll see that it is circulated to the Board. We will resume when the Board deliberates.

[Counsel for Applicant]: Are we putting a timetable on it?

MR. DANSER: We're going to put a timetable on it. First timetable I want is to have the Board decide on a night to meet and deliberate. And I would emphasize that from **when the Board resumes to deliberate, it's not going to be for argument or comment by anyone; it will be for discussion and deliberation and voting.** My advise by me where required so anybody that wants to come back can come back but not permit the Board to be supplemented or additional testimony. **So for those of you who can't come back, you can have some assurance that there's nothing going to change about the hearing. It's going to be deliberation and voting. The record is closed.** Legal arguments will be submitted by

---

1. I have accurately set forth the transcript from the record despite numerous errors in grammar, spelling and punctuation.

counsel.... The issues briefly are his request is special exception, request a variance, appeal from the cease and desist action. I would request a concise statement to share with the Board. We are now—tomorrow is October 1st. How about the 22nd? Everybody understand **the Board will resume in this room at 7:30 p.m. on October 22nd at which point they will deliberate and render a decision, but there will be no further testimony.** The Board's moved and seconded and voted unanimously to adjourn.

(R.R. at 133a–36a) (emphasis added).

When the Board reconvened on October 22, 2003, none of the parties' counsel was present.[2] (Trial ct. op. at 1 n. 1.) The chairperson brought the Board meeting to order "to make our decision regarding the Jessica Wistuk appeal." (R.R. at 138a.) Immediately thereafter, Danser spoke as follows:

> MR. DANSER: We'll start to—before we start to deliberate, I'll reiterate my instructions from last time. **No one is to speak to the Board during its deliberations or really at any time regarding this matter. I assured all the people that were here last time there will be no further argument or testimony; that is not to take place. You are welcome to observe. The Board will deliberate and then it will render its decision on the record.** Okay. We can go off the record. (The Board went off the record to deliberate.)

(R.R. at 138a) (emphasis added). The Board members then voted on the record to deny Wistuk's application and appeal, but no written decision was rendered at that time. Danser then concluded the October 22, 2003, Board meeting, stating:

> MR. DANSER: To the applicants that are here, I'll make a written decision which will be signed by the Board **within 45 days of today's date.** You will then be sent a copy of the decision or your attorney or both. I think we'll do both. From the date of the decision, ... you have 30 days thereafter to appeal to the Court of Common Pleas.

(R.R. at 141a) (emphasis added). On November 28, 2003, the Board issued a written decision denying Wistuk's request for a variance and special exception and upholding the enforcement notice.

On December 5, 2003, Wistuk filed a complaint in mandamus against the Board alleging that she was entitled to a deemed approval of her application for a variance and special exception because the Board failed to render a written decision within forty-five days after the Board's last hearing, as mandated by section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[3] 53 P.S. § 10908(9).

In her complaint, Wistuk maintains that the September 30, 2003, hearing was the last hearing before the Board and that she did not agree on the record or in writing to extend the forty-five day period for rendering a decision. According to Wistuk, because the Board did not issue its written decision until November 28, 2003, fifty-

---

**2.** There is no record whether Wistuk appeared. (Trial ct. op. at 1 n. 1.)

**3.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9). Section 908(9) of the MPC states, in relevant part:

(9) The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board.... [W]here the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

nine days after the last Board hearing, her request for a variance and special exception must be deemed approved and her appeal from the Township enforcement notice upheld. However, in its answer to Wistuk's complaint, the Board asserts that it held its last hearing on October 22, 2003, and, therefore, the November 28, 2003, written decision, issued thirty-seven days later, was well within the mandated forty-five day period.

In denying Wistuk's complaint, the Court of Common Pleas of Northampton County (trial court) relied on *Hogan, Lepore & Hogan v. Pequea Township Zoning Board*, 162 Pa.Cmwlth. 282, 638 A.2d 464, *appeal denied*, 538 Pa. 651, 647 A.2d 905 (1994), wherein this court held that the term "hearing" in section 908(9) of the MPC is not limited to proceedings in which the zoning hearing board takes substantive evidence, but also includes sessions scheduled **for the purpose of presenting oral argument.** The trial court found no meaningful distinction between written argument and oral argument, noted that counsel for the parties agreed to submit legal arguments ,to the Board in written form after the September 30, 2003, hearing, and held that the Board's last hearing took place on October 22, 2003, making the Board's decision timely. Also relying on *Hogan*, the trial court determined that Wistuk had waived her right to seek a deemed approval under section 908(9) of the MPC because she failed to object to the scheduling of the October 22, 2003, hearing and failed to challenge Danser's announcement at that hearing that a written decision would issue within forty-five days. Consequently, the trial court refused to direct a deemed approval and

upheld the Board's decision against Wistuk.

On appeal to this court,[4] Wistuk again argues that she is entitled to a decision in her favor because the Board failed to render a timely written decision. Based on a review of the record, the relevant statute and the applicable case law, I would agree with Wistuk.

Pursuant to section 908(9) of the MPC, a zoning hearing board is required to render a decision on a matter before it and communicate that decision to the applicant in writing within forty-five days of the last hearing on the application. *Mullen v. Zoning Hearing Board of Collingdale Borough*, 691 A.2d 998 (Pa.Cmwlth.1997). Otherwise, if the applicant has not agreed to an extension of time, and even if the applicant was informed orally of a decision, there is a deemed approval of the application due to untimeliness. *Id.*

This court has recognized that a hearing is more than just a proceeding in which to take testimony or other substantive evidence. In *Gaster v. Township of Nether Providence*, 124 Pa.Cmwlth. 595, 556 A.2d 947 (1989), landowners submitted an application for approval of a mobile home park on their property, and the zoning board held fourteen hearings on the matter. Following the June 8, 1987, hearing, the last hearing at which testimony was presented, both parties agreed that the record would remain open until July 13, 1987, **in order for the zoning board to question the attorneys.** Oral arguments were heard on July 13, 1987, and the board denied the application on August 10, 1987, with a written decision issued on August 11, 1987. The landowners subsequently

---

**4.** Our scope of review of an order in mandamus is limited to determining whether the trial court has abused its discretion or committed an error of law. *Malone v. West Marlborough Township Board of Supervisors*, 131 Pa.Cmwlth. 347, 570 A.2d 147 (1990).

filed a complaint in mandamus to enforce a deemed approval pursuant to section 908(9) of the MPC, arguing that the zoning board's last hearing date was June 8, 1987, when testimony was last received, rather than July 13, 1987, when the zoning board heard oral arguments. This court affirmed the holding of the common pleas court that the term "hearing" includes specially scheduled sessions for argument by counsel. In doing so, we cited section 908(5) of the MPC, 53 P.S. § 10908(5), which provides: "The parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present evidence **and argument** and cross-examine adverse witnesses on all relevant issues." *Gaster,* 556 A.2d at 949 (emphasis in original). Accordingly, we agreed that the last hearing date was July 13, 1987, and that the zoning board's decision was rendered within the prescribed period.

In *Hogan,* we again considered whether a deemed approval occurred when the zoning hearing board issued its decision within forty-five days after hearing oral argument, but more than forty-five days after the last evidentiary hearing. In that case, the landowner applied for a special exception to use its property as a quarry, and the zoning board held numerous evidentiary hearings on the matter between January of 1990 and July 23, 1991. During the July 23, 1991, hearing, the parties were consulted and agreed to have the zoning board establish dates for additional hearings if necessary. At the close of the July 23, 1991, hearing, the zoning board closed the record and indicated that the parties would be given an opportunity to make oral arguments on September 19, 1991, the next hearing date selected by the parties. The zoning board held oral arguments as scheduled and rendered a written

decision denying the special exception on October 28, 1991.

The landowner alleged that it was entitled to a deemed approval under section 908(9) of the MPC, contending that the date of the last board hearing was July 23, 1991, when the record was closed to testimony, and that, because the September 19, 1991, hearing was unnecessary, the zoning board could not unilaterally reconvene on that date and thereby re-set the forty-five day period. Our court disagreed. We concluded that, given the extensive record, the numerous hearings and the complexities of the case, the zoning board did not abuse its discretion in fixing a separate hearing solely for the purpose of **hearing** the legal arguments of the parties and the summations of counsel. We stated that section 908(5) of the MPC specifically contemplates parties making **oral** argument at hearings before zoning hearing boards, and, notwithstanding the zoning board's earlier closing of the record, we relied on *Gaster's* holding that "**oral** argument constitutes a hearing for [s]ection 908(9) purposes." *Hogan,* 638 A.2d at 468 (emphasis added).

Here, the trial court extended the holdings of *Hogan* and *Gaster* to the present case despite the fact that the Board **did not schedule oral argument and, in fact, expressly forbade it.** At the September 30, 2003, hearing, Danser made it clear that when the Board reconvened on October 22, 2003, to deliberate and vote, no one would be permitted to make any argument or comment; the parties were requested simply to submit written briefs for the Board's consideration before that date. Similarly, prior to the October 22, 2003, deliberations, Danser reiterated that no one was to speak to the Board at any time, reminding those present that he had assured counsel at the last hearing that there would be no further testimony **or**

argument.[5] Because the Board's October 22, 2003, meeting clearly was not scheduled for the equivalent purpose of the oral arguments allowed in *Hogan* and *Gaster,* I believe the trial court's reliance on those cases is misplaced.[6]

In contrast to the facts in *Hogan* and *Gaster,* the record here establishes that the Board met on October 22, 2003, solely for the purpose of deliberation and voting. Therefore, because the Board's October 22, 2003, meeting was not a hearing for section 908(9) purposes,[7] I would hold that the Board conducted its final hearing on September 30, 2003.

Wistuk also argues that the trial court erred in determining that she waived any rights she might have to a deemed approval. Unlike the majority, I would agree with Wistuk.

The trial court based its contrary conclusion on Wistuk's failure to object to the post-September 30, 2003, briefing period or to expressly **refuse** to extend the forty-five day period for the Board to issue a written decision. However, **the issue of the extension of the forty-five day period was never raised in this case.** Thus, the fact that neither Wistuk nor her counsel voiced any objection to the scheduling of the October 22, 2003, meeting within that forty-five day period does not constitute a recorded waiver of the Board's time limitation to render a written decision.

In concluding otherwise, the trial court and the majority rely on *Hogan.* However, I believe the facts in *Hogan* are easily distinguished from the present case. In *Hogan,* during the last hearing at which the zoning board heard testimony, all counsel were consulted and **went on record** agreeing to set a **date more than forty-five days later** as the date for an additional hearing, should one be necessary. When, at the end of that hearing, the zoning board indicated that it would, in fact, hear **oral** argument on that date, counsel for the landowner did not object. Clearly, then, the court had a valid basis to conclude that the landowner had waived

---

**5.** I note that, although consideration of the submitted briefs may have been a part of the Board's private deliberation process, the transcript of the October 22, 2003, meeting reflects no public discussion of these briefs by the Board.

**6.** In concluding that oral argument and written argument are indistinguishable, the trial court notes that section 908(5) of the MPC states that a hearing includes "argument" and does not restrict this to "oral argument." The trial court asserts that its construction of the statute not only is permissible but makes practical sense where, in some cases, written argument may prove more effective and efficient than oral argument. I do not dispute that written argument often is beneficial; however, the mere fact that written argument was submitted after the September 30, 2003, hearing does not convert the October 22, 2003, Board meeting into a hearing for section 908(9) purposes. In fact, such a view ignores the context from which the word "argument" is drawn. Section 908(5) guarantees that, at a hearing, a party "shall be

afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues." 53 P.S. § 10908(5). Including the presentation of argument among these other oral activities implies that the argument referred to is oral argument.

**7.** *See Quality Food Markets, Inc. v. Zoning Hearing Board,* 50 Pa.Cmwlth. 569, 413 A.2d 1168 (1980) (agreeing that a zoning hearing board meeting for what the board referred to as "deliberation and discussion" among the members of the zoning board was not a final hearing triggering the forty-five day deadline for a decision under section 908(9) of the MPC); *South Lebanon Township Zoning Hearing Board v. Weber,* 140 Pa.Cmwlth. 177, 592 A.2d 127 (1991) (holding that a zoning board hearing at which the board stated that it would deliberate and hold a subsequent meeting to announce its deliberations constituted the final hearing before the zoning board despite the board's receipt of written argument in the interim between that hearing and a later gathering of the board).

any claim that the scheduling of oral argument more than forty-five days after the close of the record constituted a deemed approval. Unlike the situation in *Hogan*, here, Danser did not suggest that more hearings would be needed after the September 30, hearing; he simply announced that the Board would meet to deliberate and render a decision on October 22, 2003, a date only twenty-two days later.

The purpose of section 908(9) is to prevent procrastination and delay by a zoning board in rendering its decision. *South Lebanon Township Zoning Hearing Board v. Weber*, 140 Pa.Cmwlth. 177, 592 A.2d 127 (1991). We have held that, because the MPC is specific about the need for a written or recorded agreement by the applicant for an extension of time for the zoning board's decision after the last hearing in a matter, if, as here, there is no written or recorded waiver, the applicant is entitled to relief.[8] *Id.*

Accordingly, I would reverse.[9]

President Judge COLINS joins in this dissenting opinion.

---

8. The trial court also found that Wistuk was estopped from arguing that October 22, 2003, was not the final hearing because she failed to object when, at that hearing, Danser announced that the Board would render its written decision within forty-five days of the October 22, 2003, Board vote. Because the Board still would have had twenty-three days to issue a written decision, the trial court suggests that Wistuk's counsel needed to express his view that the forty-five days began to run from the September 30, 2003, hearing date. However, as the trial court itself noted, no counsel for any of the parties even appeared at the October 22, 2003, meeting, having been assured that their presence would not be necessary. Further, and more important, there is no case law that provides a duty to remind the Board of the forty-five day rule. As stated, the forty-five day limitation cannot be waived by inaction but only by some positive waiver in writing or on the record, neither of which occurred here.

9. My disposition of this mandamus action would have no impact on that portion of the Board's decision related to Wistuk's appeal from the enforcement notice. *See Yost v. Zoning Hearing Board*, 694 A.2d 384 (Pa. Cmwlth.1997) (holding that, under section 908(9), a zoning hearing board's inaction cannot be deemed to be a decision in favor of anyone except the "applicant" as that term is defined in section 107 of the MPC, 53 P.S. § 10107).