925 A.2d 768

**Jessica WISTUK, Appellant,**

v.

**LOWER MT. BETHEL TOWNSHIP ZONING HEARING
BOARD and Lower Mt. Bethel Township Board of
Supervisors, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2006.

Decided June 25, 2007.

420

Peter C. Layman, Esq., McFall, Layman & Jordan, P.C., Bangor, for Jessica Wistuk.

Joseph Andrew Zator, II, Esq., Zator Law Offices, Allentown, for Lower Mt. Bethel Township Board of Supervisors.

Dwight L. Danser, Esq., Northampton County Public Defender's Office, Easton, for Lower Mt. Bethel Township Zoning Hearing Board.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice SAYLOR.

The initial question presented is whether a landowner's acquiescence to the conduct of a meeting of a zoning hearing board to entertain written briefs, deliberate, and render a decision constituted a waiver of the statutory entitlement to a deemed approval of a special exception and variance, where the Board did not issue a written decision within forty-five days after the close of the evidentiary record. We also consider whether such a meeting constitutes a hearing for purposes of the forty-five-day requirement.

Pertinent to this question, Section 908(9) of the Municipalities Planning Code, governing hearings before zoning hearings boards, specifies, in relevant part:

> The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. . . . Except for challenges filed under section 916.1[, pertaining to substantive validity challenges,] *where the board fails to render the decision within the period required by this subsection* . . . , *the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.*

53 P.S. § 10908(9) (emphasis added; footnote omitted).

By the issuance of an enforcement notice, a local zoning officer charged Appellant, Jessica Wistuk, with operating a dog kennel on her property in Lower Mount Bethel Township's agricultural zoning district without a permit. Appellant filed an appeal with Appellee, the Lower Mount Bethel Township Zoning Hearing Board (the "Board"), together with a request for a special exception to permit continued kennel operations, as well as a variance to allow her to maintain a dog run within three-hundred feet of the nearest adjoining residence.

The Board held hearings during 2003 on May 7, July 15, August 14, August 20, and September 30. At the conclusion of the September 30 hearing, the Board solicitor closed the record, indicating that, because of the lateness of the hour, counsel for both parties could submit written legal arguments to him in lieu of oral argument. He explained that the briefs would be circulated among the Board members and discussed beginning at 7:30 p.m. on October 22, 2003, at which time the Board would also reach and announce a decision. The solicitor admonished that none of the participants would be permitted to speak at this session. *See* N.T., September 30, 2003, at 133 (reflecting the solicitor's statement: "And I would emphasize that from when the Board resumes to deliberate, it's not going to be for argument or comment by anyone; it will be for discussion and deliberation and voting."). Along these lines, the solicitor also provided some assurance for those who could not be present at the October session, indicating:

So for those of you who can't come back, you can have some assurance that there's nothing going to change about the hearing. It's going to be deliberation and voting. The record is closed.

*Id.* Appellant's counsel did not object to this procedure and ultimately submitted a timely brief.

On October 22, 2003, the Board reconvened for deliberation in the absence of counsel. The Board solicitor reiterated his previous admonishments, as follows:

[B]efore we start to deliberate, I'll reiterate my instructions from the last time. No one is to speak to the Board during its deliberations or really at any time regarding this matter.

I assured all the people that were here last time there will be no further argument or testimony; that is not to take place.

You are welcome to observe. The Board will deliberate and then it will render its decision on the record.

N.T., October 22, 2003, at 2. Off the record, the Board deliberated on the evidence and the written legal arguments. It then voted on the record to deny both the variance and the

special exception. The solicitor made it clear that a written decision would be issued within forty-five days of that date, and the Board issued its written decision on November 28, 2003.

Subsequently, Appellant filed a complaint in mandamus in the common pleas court, relying on Section 908(9)'s forty-five-day deemed-approval provision, as quoted above. The complaint highlighted that: the record of the proceedings before the Board was closed on September 30, 2003; the October 22, 2003, meeting was for the designated and limited purpose of deliberating and rendering a decision; at no time did Appellant's counsel agree on the record to an extension of the forty-five-day period for written decision under Section 908(9); and the Board did not issue its written decision until November 28, 2003, fifty-nine days after the September 30, 2003, hearing. In these circumstances, Appellant asserted that her application for a special exception and variance were deemed approved on November 14, 2003, forty-five days after the September 30 hearing, the last date on which evidence was taken and the date on which the record was closed. Appellees' responses characterized the October 22, 2003, meeting as a hearing and indicated that Appellant did agree on the record to its scheduling as such.

The common pleas court denied relief after oral argument on a limited evidentiary record consisting of the transcripts of the September 30 and October 22 Board proceedings, adopting Appellees' position that the October 22 meeting constituted a hearing. In this regard, the common pleas court relied on *Hogan, Lepore & Hogan v. Pequea Township Zoning Board,* 162 Pa.Cmwlth. 282, 638 A.2d 464 (1994), as support for the proposition that the concept of a hearing, for purposes of Section 908, is not limited to a proceeding in which a zoning hearing board receives substantive evidence. *See id.* at 289–90, 638 A.2d at 468 (holding that, although the record of a zoning hearing was closed to further substantive evidence, a later board meeting at which counsel offered oral argument constituted the final hearing for purposes of Section 908(9)); *see also Gaster v. Township of Nether Providence,* 124 Pa.

Cmwlth. 595, 601, 556 A.2d 947, 949–50 (1989) (holding that the term "hearing" includes specially scheduled sessions for argument by counsel). The court observed that the *Hogan* court derived support for this proposition from Section 908(5), which, in describing zoning hearings, prescribes that "[t]he parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present evidence and *argument* and cross-examine adverse witnesses on all relevant evidence." *Id.* at 290, 638 A.2d at 468 (quoting 53 P.S. § 10908(5)) (emphasis added). The common pleas court found no meaningful distinction, under either Section 908(5) or in practical terms, between oral argument (as was presented in *Hogan* ) and written argument (such as it found was presented here).

Further, the court expressed the belief that its ruling in no way impeded the entitlement to timely decisions on zoning applications as provided by Section 908(9), since other terms included within Section 908 ensure the continued progress of serial hearings where necessary. Additionally, the court observed that, if it accepted the position that the September 30 hearing was the final one, the Board would have forfeited a significant portion of the forty-five days to which it was entitled under Section 908(9), which could have yielded a hurried decision, or one made without the benefit of significant legal argument. The court recognized that, under its reasoning, one alternative would be to measure the forty-five day window from the date on which written brief were due or received; however, it concluded that a meeting of the Board was necessary to constitute a hearing for purposes of Section 908(9). Thus, it determined that "the final hearing for § 10908(9) is the hearing after which no further substantive evidence or argument of parties or counsel is received."

The common pleas court also took the position that Appellant waived her right to contend that September 30 was the last hearing. In this regard, the court again relied upon *Hogan,* in which the Commonwealth Court set out an alternative waiver disposition. *See Hogan,* 162 Pa.Cmwlth. at 291, 638 A.2d at 469 ("even if Hogan otherwise would have been

entitled to a deemed approval of its special exception application, it waived its right to that deemed approval by failing to object to the previously announced argument date."). The common pleas court reasoned:

Here, [Appellant] neither objected to the post-September 30, 2003 briefing period or expressly refused to extend the forty-five day period for the Board to issue a written decision. Further, on October 22, 2003, [the Board solicitor] clearly stated that the Board would have forty-five days from October 22, 2003 to render a decision. Under [Appellant's] view that September 30, 2003 was the final hearing, the Board still had twenty-three days from October 22, 2003 to render its written decision had [Appellant] brought this issue to its attention. Thus, [Appellant] is now estopped from arguing that October 22, 2003 was the final hearing. The Board's November 28, 2003 written decision was within twenty-eight days of October 22, 2004. [Appellant] is, accordingly, not entitled to a deemed approval.

A divided Commonwealth Court affirmed in a published opinion. *See Wistuk v. Lower Mt. Bethel Twp. Zoning Hearing Bd.*, 887 A.2d 343 (Pa.Cmwlth.2005) (*en banc*). Relying on *Hogan*, the majority reasoned that, because Appellant failed to object to the post-September 30 briefing period or question the effect of that period on the 45–day decision period, she waived her right to contend that the 45 days began from September 30, 2003. The majority characterized *Hogan* as "right on point" relative to the waiver question, explaining:

While the evidentiary hearing in this case ended at the September 30, 2003 hearing, the Board made it clear that the record would remain open until October 22, 2003, to receive briefs. As the trial court in this case pointed out, at no time did [Appellant] or her counsel object to the post-September 20, 2003 briefing period or question the effect the briefing offered by the Board on the 45–day decision period. When she failed to object to allowing the record to remain open until October 22, 2003, to receive briefs, [Appellant], like the applicant in *Hogan*, waived her right to

contend that the 45 day period began from the September 30, 2003[sic].

*Wistuk,* 887 A.2d at 345–46. Upon its conclusion in this regard, the majority deemed it unnecessary to determine whether the Board's October 22 meeting constituted a hearing.

Judge Friedman filed a dissenting opinion, joined by President Judge (now President Judge Emeritus) Colins. *See Wistuk,* 887 A.2d at 346–51 (Friedman, J., dissenting). Concerning the waiver question upon which the majority grounded its holding, the dissent opined that Appellant was under no obligation to raise the question of the running of the forty-five-day limitations period before the Board. In this regard, the dissent observed that the matter of the forty-five day period was never raised by the Board solicitor, or anyone else for that matter, on the record of the September 30 hearing. Thus, Judge Friedman found it insignificant that neither Appellant nor her counsel objected to the scheduling of a Board meeting for deliberation purposes within the forty-five-day period. *See id.* at 350. The dissent also distinguished *Hogan* on the basis that, during the last hearing in that case, all counsel were consulted concerning the application of the forty-five-day requirement, and acquiescence to a deviation was discerned from the record. *See Wistuk,* 887 A.2d at 350–51 (Friedman, J., dissenting). Here, however, Judge Friedman noted that the Board solicitor did not suggest that more hearings would be needed after the September 30 hearing; rather, he simply announced that the Board would meet to deliberate and render a decision on October 22, 2003, a date only twenty-two days later. Because Section 908(9) is specific about the need for a written or recorded agreement by the applicant for an extension of time for the zoning board's written decision after the last hearing in a matter, *see* 53 P.S. § 10908(9), Judge Friedman found no written or recorded waiver. *See id.* at 351.

In a footnote, the dissent also addressed the common pleas court's position concerning "estoppel," as follows:

The trial court also found that [Appellant] was estopped from arguing that October 22, 2003, was not the final hearing because she failed to object when, at that meeting, [the Board's solicitor] announced that the Board would render its written decision within forty-five days of the October 22, 2003, Board vote. Because the Board still would have had twenty-three days to issue a written decision, the trial court suggests that [Appellant's] counsel needed to express his view that the forty-five days began to run from the September 30, 2003, hearing date. However, as the trial court itself noted, no counsel for any of the parties even appeared at the October 22, 2003, meeting, having been assured that their presence would not be necessary. Further, and more important, there is no case law that provides a duty to remind the Board of the forty-five day rule. As stated, the forty-five day limitation cannot be waived by inaction but only by some positive waiver in writing or on the record, neither of which occurred here.

*Wistuk*, 887 A.2d at 351 n. 8 (Friedman, J., dissenting).

Judge Friedman also addressed the underlying question that was not addressed by the majority, namely, whether the October 22 meeting constituted a hearing for purposes of Section 908(9). Initially, like the common pleas court, the dissent recognized that, under Section 908, a hearing is more than just a proceeding in which to take testimony or other substantive evidence. Judge Friedman, however, believed that it went too far to characterize a meeting solely for purposes of deliberation and decision as a hearing. In this regard, she distinguished the decisions relied on by the common pleas court as involving the presentation of oral argument, which was forbidden at the October 22 meeting in this case. *See Wistuk*, 887 A.2d at 350 (Friedman, J., dissenting) ("Because the Board's October 22, 2003, meeting clearly was not scheduled for the equivalent purpose of the oral arguments allowed in *Hogan* and *Gaster*, I believe the trial court's reliance on those cases is misplaced."). In support of her conclusion, Judge Friedman referenced *South Lebanon Township Zoning Hearing Board v. Weber*, 140 Pa.Cmwlth. 177,

180–81, 592 A.2d 127, 129 (1991) (holding that a meeting to announce deliberations did not qualify as a hearing for purposes of Section 908(9)), and *Quality Food Markets, Inc. v. Zoning Hearing Board,* 50 Pa.Cmwlth. 569, 572, 413 A.2d 1168, 1169 (1980) (concluding, at least implicitly, that a zoning hearing board meeting for "deliberation and discussion" among the board members was not a hearing).

The questions presented in this appeal center on the Commonwealth Court's and the common pleas court's interpretation of a statute, Section 908(9), and our review is plenary.

Recently, a Commonwealth Court panel characterized the *Wistuk* majority position as an extension of its prior precedent establishing a general rule that a failure to object to scheduling of proceedings before zoning hearing boards will result in a waiver of any rights to a deemed approval. *See Southeastern Chester County Refuse Auth. v. Board of Supervisors of London Grove Twp.,* 916 A.2d 1237, 1241 (Pa.Cmwlth.2007). We agree, however, with Judge Friedman and President Judge Emeritus Colins that such a general rule is not appropriate, as the plain language of Section 908(9) controls over this judicial pronouncement. *See* 1 Pa.C.S. § 1921(a), (b).[1] As previously noted, Section 908(9) allows for an exception to the forty-five day requirement where "the applicant has agreed in writing or on the record to an extension of time." 53 P.S. § 10908(9); *accord Weber,* 140 Pa.Cmwlth. at 183, 592 A.2d at 130 (adopting a common pleas court's conclusion that "[t]he code is specific about the need for a written or recorded agreement by the applicant for an extension of time for the board's decision after the 'last' hearing in the matter").

 We do not discount that, in some circumstances, such an agreement reasonably may be discerned from written or on-the-record discussions that are not explicitly framed in

---

**1.** Although President Judge Emeritus Colins authored the *Southeastern Chester County Refuse* decision, its reasoning in this regard was grounded on precedent arising out of *Wistuk,* in which he joined Judge Friedman's dissent. *See* Southeastern Chester County Refuse, 916 A.2d at 1241 ("Unless and until our decision in *Wistuk* is overturned by the Supreme Court, we are bound by this Court's *en banc* decision in *Wistuk.*").

terms of a formal agreement. However, in line with Judge Friedman's rationale, we find no such extension or waiver presented on the record of this case. Here, nothing in writing or of record fairly reflects any kind of affirmative agreement on Appellant's part to an extension of the forty-five day period. Further, at the September 30 hearing, the Board's solicitor all but stated that the hearings on the matter were concluded. *See* N.T., September 30, 2003, at 133 (reflecting the solicitor's advice, as follows: "So for those of you who can't come back, you can have some assurance that *there's nothing going to change about the hearing* " (emphasis added)). Moreover, the session for Board deliberations was scheduled well within a forty-five-day period following the conclusion of the evidentiary proceedings on September 30, with no contemporaneous suggestion that the Board did not intend to issue its written decision within such period. In light of this background, Appellant cannot be shown even to have been placed on fair notice that the forty-five-day requirement would be deemed by the Board to run from some later date, let alone to have expressed agreement with such an understanding.[2]

We also find that the Board solicitor's position concerning the forty-five-day period as developed at the October 22 meeting has no relevance, since the solicitor previously had advised participants that there was no need to be present on October 22; Appellant's counsel in fact was not present; and there is no evidence that Appellant was present at that meeting.[3]

2. For these reasons, as well as those articulated by Judge Friedman, we also agree with her conclusion that the circumstances do not support an estoppel with regard to Appellant's ability to benefit from Section 908(9)'s forty-five-day requirement.

3. Appellee, Lower Mount Bethel Board of Supervisors, argues that any decision by Appellant and/or her counsel not to appear at the October 22 meeting was at their own risk. *See* Brief for Appellee Lower Mount Bethel Township Board of Supervisors at 24. At least with regard to Section 908(9), we disagree. Again, what is required by the General Assembly under Section 908(9) to support an extension and/or waiver is a written or on-the-record agreement by the applicant. No such agreement can arise out of oral statements attributable to the Board which are made at a meeting that Appellant and her counsel were not required to attend and cannot be shown to have attended.

■ In summary, we hold that there is no general rule providing that any failure to object to the scheduling of proceedings before zoning hearing boards will result in a waiver of entitlement to a deemed approval, and the circumstances presented in this case did not give rise to a waiver or estoppel relative to the forty-five-day period for written decision under Section 908(9).[4]

■ The remaining issue is whether the Board's October 22 meeting for purposes of deliberation and decision represented a hearing.[5] On this question, we agree with Judge Friedman as well. Initially, relevant provisions of the Municipalities Planning Code define the term "hearing" very broadly, as "an

4. To the extent that *Hogan* reflects the general approach described in *Southeastern Chester County Refuse* that any failure to object to scheduling will result in a waiver, it is disapproved in line with our present reasoning. *Hogan's* rational is also questionable upon consideration of the portions of the record quoted in the opinion. The *Hogan* court found that the applicant "did . . . expressly refuse to grant the Board an extension to the 45–day period in which to issue a written decision *after* the last hearing," but that the applicant nevertheless waived its entitlement to a deemed approval by failing to object to an announced date for argument of September 19, 1991, that was beyond the forty-five day period. Hogan, 162 Pa.Cmwlth. at 290–91, 638 A.2d at 468 (emphasis in original). However, the Commonwealth Court's opinion otherwise suggests that any agreement by counsel to the September 19 date for oral argument was conditional. *See id.* at 291 n. 3, 638 A.2d at 469 n. 3 (reflecting the statement of the applicant's counsel that "if we don't get a decision promptly and I certainly think a month is an appropriate time then I am not going to grant an extension to the 19th of September."). There is nothing presented on the face of the *Hogan* opinion indicating that the zoning hearing board agreed to such condition; indeed, the board issued its written decision on October 28, 1991, more than thirty days after September 19. *See Hogan*, 162 Pa.Cmwlth. at 287, 638 A.2d at 467. In these circumstances, we have difficulty with the Commonwealth Court's treatment of counsel's comments as acquiescence.

5. Having disposed of the sole issue addressed by the Commonwealth Court majority, this case could be remanded to the intermediate appellate court for disposition of all remaining questions. However, as the above issue was raised in the petition for allowance of appeal, has been fully briefed before us, and represents a matter of public importance in its own right, we will proceed to resolve it. Cf. *Parsowith v. Commonwealth, Dep't of Revenue*, 555 Pa. 200, 208, 723 A.2d 659, 663 (1999) (taking a similar approach in addressing, for the sake of judicial economy, a merits issue that had not been addressed in the intermediate appellate court).

administrative proceeding conducted by a board pursuant to section 909.1[, 53 P.S. § 10909.1]." 53 P.S. § 10107(b). Section 908, however, prescribes that a zoning hearing board "shall conduct hearings and make decisions in accordance with the following requirements," to include that "[t]he parties shall ... be afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues." 53 P.S. § 10908(5). None of these features was attendant to the October 22 meeting in this case. Although the Board considered the parties' briefs at the session (which obviously contained "argument"), the briefs were not presented to the Board on October 22; rather, the protocol established by the Board solicitor was that the briefs were to be submitted in advance to him and circulated by him to the Board. Like Judge Friedman, therefore, we consider the circumstances to be similar to those presented in the *Weber* and *Quality Food Markets* decisions. *See Wistuk,* 887 A.2d at 350 n. 7 (Friedman, J., dissenting) (citing *Weber,* 140 Pa.Cmwlth. at 180–81, 592 A.2d at 129, and *Quality Food Markets,* 50 Pa.Cmwlth. at 572, 413 A.2d at 1169).

We recognize the severity of Section 908(9), in that it forecloses merits-based decisions concerning land-use matters, which may be of tremendous consequences to local governments and citizens, based on procedural non-compliance by a zoning hearing board. It is not our task, however, to evaluate the wisdom of this approach or its specific aspects. Rather, where as here there is no constitutional challenge, our function is to apply the law as prescribed by the General Assembly. On this record, we conclude that it would strain the relevant statutory language to find that the Board's October 22 session convened solely for purposes of deliberation and decision represented a hearing, or, again, that Appellant waived her entitlement to a decision within forty-five days after the final Board hearing on September 30.[6]

6. Certainly, prudence would counsel that, in cases where there is any doubt concerning the commencement of the forty-five-day period for written decision, the matter should be addressed openly and directly on the record, and that zoning hearing boards should apply a conservative approach where no agreement can be reached, in light of the serious

The order of the Commonwealth Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Justice NEWMAN did not participate in the consideration or decision in this matter.

consequences of a deemed approval. Zoning hearing boards may also apply reasonable strategies to assure adequate deliberation in complex cases, such as requiring the submission of written briefs prior to a timely-scheduled oral argument, which, under prevailing law, would assure that all necessary material is before the board upon the commencement of the forty-five day period for review and written decision.