SOUTHEASTERN CHESTER COUNTY REFUSE AUTHORITY, Appellant

v.

## BOARD OF SUPERVISORS OF LONDON GROVE TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2006.
Decided Feb. 8, 2007.

Roger E. Legg, Parkesburg, for appellant.

Andrew J. Bellwoar and Michael G. Crotty, Chester Springs, for appellee.

BEFORE: COLINS, President Judge [1], FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

■ Before the Court is the appeal of the Southeastern Chester County Refuse Authority (Authority) from the order of the Court of Common Pleas of Chester County (trial court). The trial court affirmed the decision of the London Grove Township (Township) Board of Supervisors (Board) that denied the Authority's application for a conditional use of land for a proposed expansion of its existing landfill. We affirm.[2]

On August 13, 2003, the Authority filed its application for conditional use approval with the Board to expand the landfill at the existing site. The subject of the Authority's application is a 67 acre portion of a 188 acre tract of land located in the Township; the actual landfill cell as proposed would encompass 37 acres of the 67 acres; the remaining acreage would be used for ancillary support services, monitoring, perimeter roads, maintenance, visual and noise screening areas, a pump house, leachate management facilities, and stormwater facilities.

The Authority proposes to develop the landfill cell with setbacks of 100 feet and a maximum height of 140 feet; however, the Township zoning ordinance (ordinance) prescribes a minimum setback of 200 feet and a maximum height of 40 feet. In conjunction with its application, the Authority also filed with the Township's Zoning Hearing Board (ZHB) a challenge to the validity of the setback and height restrictions and a request for variance.

An initial public hearing on the conditional use application was advertised and scheduled for October 22, 2003, 70 days after the application was filed. Hearings were concluded on April 13, 2005; testimony was taken over nineteen nights, spanning a period of 17 months, with a total of 38 hours of testimony by 3 Authority case-in-chief witnesses, 5 Township witnesses, and 1 Authority rebuttal witness. On August 26, 2004, during the Township's presentation of its case, a hearing was adjourned and reconvened 48 days later, and on December 20, 2004, during the Authority's rebuttal, a hearing was adjourned and reconvened 93 days later. The elapsed

---

1. This case was assigned to the opinion writer prior to the date when President Judge Colins completed his tenure as president judge.

2. This Court's standard of review of the trial court's denial of post-trial relief is limited to

determining whether the trial court abused its discretion or committed an error of law. *Koter v. Cosgrove*, 844 A.2d 29 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 579 Pa. 713, 858 A.2d 111 (2004).

time of the Authority's presentation of its case-in-chief was 165 days, over 6 nights of hearings; the elapsed time of the Township's presentation was 210 days, over 9 nights. The Authority's rebuttal ended 114 days later, over 3 nights of testimony. On August 11, 2005, the Board denied the conditional use application. On September 1, 2005, the Authority appealed to the trial court, raising the following five issues: i) Whether the Authority is entitled to a deemed approval; ii) Whether the Authority proved all express standards and criteria under the ordinance for conditional use approval except for the height and setback dimensions; iii) Whether the Authority's conditional use application was appropriately denied as the Authority's proposed use failed to satisfy the height and setback requirements of the ordinance; iv) Whether the Township reached its decision in bad faith; and v) Whether the Authority was denied due process and a fair hearing by virtue of representation of the Township by counsel in opposition to the application.

In the separate action before the ZHB, the Authority's validity challenge and request for a variance was denied on January 12, 2005. The Authority appealed, and the ZHB's decision was upheld by the trial court. The Authority appealed, and our Court *en banc* affirmed the trial court on May 5, 2006.[3] The Authority has filed a petition for allowance of appeal to the Supreme Court.

*Sub judice,* the trial court affirmed the Board, holding that: i) the Authority was not entitled to a deemed approval as it waived any claim to such; and ii) the remaining issues were denied as moot in light of our Court's decision on the Authority's related land use appeal. The trial court applied our decision in *Wistuk v. Lower Mt. Bethel Township Zoning Hearing Board,* 887 A.2d 343 (Pa.Cmwlth.2005), *petition for allowance of appeal granted,* 588 Pa. 745, 902 A.2d 970 (2006), in ruling that the Authority waived the statutory time limits in section 908(1.2) of the Municipalities Planning Code[4] (MPC) and the deemed approvals did not operate.

**3.** *Southeastern Chester County Refuse Authority v. Zoning Hearing Board of London Grove Township,* 898 A.2d 680 (Pa.Cmwlth.2006). The Court held, *inter alia,* that the state Solid Waste Management Act did not preempt the zoning ordinance; substantial evidence supported the Zoning Hearing Board's conclusions that the zoning ordinance was valid and that the operator was not entitled to a variance; and the operator failed to show that setback and height requirements imposed unnecessary hardship, and thus the operator was not entitled to a variance.

**4.** Act of July, 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11005. Section 908(1.2) provides:

The first hearing before the board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time. Each subsequent hearing before the board or hearing officer shall be held within 45 days of the prior hearing, unless otherwise agreed to by the applicant in writing

or on the record. An applicant shall complete the presentation of his case-in-chief within 100 days of the first hearing. Upon the request of the applicant, the board or hearing officer shall assure that the applicant receives at least seven hours of hearings within the 100 days, including the first hearing. Persons opposed to the application shall complete the presentation of their opposition to the application within 100 days of the first hearing held after the completion of the applicant's case-in-chief. An applicant may, upon request, be granted additional hearings to complete his case-in-chief provided the persons opposed to the application are granted an equal number of additional hearings. Persons opposed to the application may, upon the written consent or consent on the record by the applicant and municipality, be granted additional hearings to complete their opposition to the application provided the applicant is granted an equal number of additional hearings for rebuttal.

Section 913.2(b)(2) provides:

■ In its appeal, the Authority alleges that the Board failed: i) to commence the hearing within 60 days of the filing date of the application, ii) in two instances, to complete the presentation of the case within 45 days of the prior hearing, and iii) to complete the presentation of the case in opposition to the application within 100 days; in so doing, the Board failed to meet the deadlines required by the MPC and is entitled to a deemed approval. The Authority argues that the *Wistuk* decision, and the trial court's application of that decision were wrong; the Authority argues that *Wistuk* improperly relied on *Hogan v. Pequea Township Zoning Hearing Board*, 162 Pa.Cmwlth. 282, 638 A.2d 464 (1994), *petition for allowance of appeal denied*, 538 Pa. 651, 647 A.2d 905 (1994), a case decided before the 2002 amendment of the MPC that placed specific time limits on the duration of zoning hearings.[5] In *Hogan*, an applicant was held to have waived his right to a deemed approval by failing to object to an announced additional hearing date beyond the 45–day limit where oral argument was allowed; in *Wistuk*, the township zoning board held its last hearing and announced that the record was closed, but legal arguments could be submitted via briefs for approximately three weeks, up until the date when the board would resume solely to deliberate, with no testimony or oral arguments permitted, and the board issued its written decision 59 days after the last hearing. The applicant in *Wistuk* argued that her case was factually different from *Hogan* in that no oral argument was allowed at the meeting subsequent to the last hearing. Our Court in *Wistuk* opined that since the applicant did not object to the post-hearing briefing period, or question the effect of the briefing offered by the board on the 45–day decision period, her rights, like the applicant in *Hogan*, were waived.[6]

The Authority further contends that the basic assumption underlying both *Hogan* and *Wistuk*—that the Court may fashion a body of law governing the waiver of the deemed approval provisions of the MPC when those provisions themselves already

> Where the governing body ... fails to commence, conduct or complete the required hearing as provided in section 908(1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision.... If the governing body shall fail to provide such notice, the applicant may do so.

**5.** In both *Hogan* and *Wistuk*, the Court interpreted Section 908(9) of the MPC which provides, in relevant part:

> The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board.... Where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

**6.** Judge Friedman (joined by President Judge Colins) dissented in *Wistuk*, citing the fact that the zoning board there did not schedule oral argument at the final meeting and, in fact, expressly forbade it; the board's meeting was not a hearing for Section 908(9) purposes. Further, the dissent states that *Hogan* is distinguishable from *Wistuk*; in *Hogan*, the applicant did not object when oral argument was scheduled for a date more than 45 days after the close of the record, whereas the issue of the 45–day period was never raised in *Wistuk*—the fact that the applicant voiced no objection to the scheduling of a meeting to deliberate within the forty-five day period did not constitute a recorded waiver of the board's time limitation to render a written decision.

contain express language that specify how the time periods in § 908(1.2) may be waived—is wrong. The Authority asserts *Wistuk* must be reconsidered, and the procedural provisions of the MPC strictly construed.

The trial court noted, and the record reveals, that the Authority was present during scheduling discussions, failed to object, and continued to participate in hearings that extended over a period of seventeen months. The record indicates that at the conclusion of a hearing on August 24, 2004, the Board chairman initially announced October 20, 2004 as the date for the next hearing, whereupon the Authority's counsel objected to the length of time that would elapse. The record indicates a period of discussion off the record, followed by the chairman's remarks, "... [B]ack on the record. After much back and forth, seems the parties have picked two days in October, October 13th ... October 20th ... for the next two conditional use hearings in this matter." (Notes of Testimony, August 26, 2004, p. 1092.) The Authority itself took 165 days to present its case-in-chief, and following the Board's presentation of its case-in-chief, the Authority presented additional, rebuttal witnesses over 114 days, and failed to present any objection on the record to the period of time taken by the Board.

Our holdings in *Hogan,* as extended in *Wistuk,* have established that a failure to object will result in a waiver of any rights to a deemed approval. In *Hogan,* during the last hearing at which the zoning board heard testimony, all counsel were consulted and went on record agreeing to set a date more than 45 days later as the date for an additional hearing. When the zoning board indicated that it would hear oral argument on that date, counsel did not object. As noted in our dissent in *Wistuk,* the court in *Hogan* had a valid basis to conclude that any claim that the scheduling of oral argument more than 45 days after the close of the record constituted a deemed approval had been waived. Under the principle of *stare decisis,* our Court must exercise its appellate review consistent with established precedent. *Pries v. Workers' Compensation Appeal Board (Verizon Pennsylvania),* 903 A.2d 136 (Pa. Cmwlth.2006). Unless and until our decision in *Wistuk* is overturned by the Supreme Court, or compelling reasons persuade us otherwise, we are bound by this Court's *en banc* decision in *Wistuk.*

■ Finally, the Authority argues that the four issues preserved in the trial court are not truly moot unless and until its petition for allowance of appeal in the related case is either denied by the Supreme Court, or our Court's decision in that case is affirmed. We note that the Authority has preserved the issue of mootness; however, we find that the trial court was correct in its conclusion that these issues are moot, and we will not discuss them.

Accordingly, the orders of the trial court are affirmed.

## ORDER

AND NOW, this 8th day of February 2007, the order of the Court of Common Pleas of Chester County is affirmed.