IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kamaladeen Mohammed and　　　　　:
Shanta M. Mohammed and　　　　　　:
Kamal Trucking, Inc.　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　:　Nos. 65 C.D. 2022 and 988 C.D. 2022
　　　　　　　　　　　　　　　　　　:
Tobyhanna Township Zoning　　　　　:
Hearing Board　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
Tobyhanna Township,　　　　　　　　:
　　　　　　　　　Appellant　　　　 :　Argued: September 11, 2023


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER　　　　　　　　　　　　FILED: October 18, 2023

　　　　Tobyhanna Township (Township) appeals to this Court from a December 16, 2021 Order of the Court of Common Pleas of Monroe County (Trial Court), which granted an appeal from the Tobyhanna Township Zoning Board's (ZHB) denial of a variance sought by Kamaladeen Mohammed, Shanta M. Mohammed, and Kamal Trucking, Inc. (collectively, Mohammeds). The Order also denied the Township's appeal, filed at a separate docket number, from a Notice of Deemed Approval published by the Mohammeds. For the reasons below, we affirm.

## I. Background

In 2001, Kamaladeen and Shanta M. Mohammed purchased a lot at 1335 Summit View Drive in Long Pond, an unincorporated portion of Tobyhanna Township, Pennsylvania. Reproduced Record (R.R.) at 129-30.[1] The Mohammeds soon afterward began work on a residence on the property that would also function as an office for their trucking business. *Id.* at 150-51. In 2002 or 2003, the Mohammeds constructed a paved entrance onto the rear portion of their property from Long Pond Road, a state highway that runs alongside the property, to accommodate their trucking company's vehicles. *Id.* at 153-54. In 2006, the Mohammeds constructed a seven-vehicle garage at the rear of their property, also to accommodate company trucks, which they expanded in 2019. *Id.* at 44. On July 17, 2019, the Mohammeds received an enforcement notice from the Township informing them that their trucking business was a nonconforming use of the property under the Township's zoning provisions. *Id.* at 34.

The Mohammeds filed an appeal of the Township's enforcement notice, and the ZHB held hearings on the appeal on October 24, 2019, and November 7, 2019. R.R. at 276. At the conclusion of the second hearing, the parties agreed to a 90-day continuance of the third hearing so that the Township would have an opportunity to consider a zoning change. *Id.* The parties agreed on February 4, 2020, to a second 90-day continuance, and a third 90-day continuance effective May 4, 2020. *Id.* at 277. On August, 18, 2020, the Township informed the Mohammeds via e-mail that it had decided against a zoning change, but it did not schedule a third hearing. *Id.* at 284. The Township requested a conference call with the Mohammeds' counsel on

---

[1] The page numbers in the Township's Reproduced Record lack the lowercase "a" required by Pennsylvania Rule of Appellate Procedure 2173. For consistency, we refer to specific page numbers as they appear, albeit incorrectly, in the Reproduced Record.

September 17, 2020, but, because their counsel was out of town, the conference call did not occur until September 28, 2020. *Id.* at 278. During that discussion, the Mohammeds argued that the time to schedule a final hearing had expired, and that a deemed approval of the requested zoning change thereby occurred. *Id.* Accordingly, the Mohammeds filed a motion with the ZHB to dismiss the July 17, 2019 enforcement notice. *Id.* While maintaining that a deemed approval occurred, the Mohammeds asked the ZHB for a zoning variance in the alternative. *See* Township's Br., App. A, Trial Court Opinion (Trial Ct. Op., 12/16/2021) at 2. Two final hearings were held on October 26, 2020, and November 18, 2020. *Id.* at 4. Finally, on December 18, 2020, the ZHB issued a written decision denying the appeal of the enforcement order, denying the variance request, and denying the assertion that a deemed approval had occurred. *Id.*

On January 19, 2021, the Mohammeds filed a Land Use Appeal in the Trial Court, to which the Trial Court assigned the docket number 318 CV 2021. R.R. at 11. Therein, the Mohammeds reiterated their argument that a deemed approval had occurred pursuant to Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. *as amended*, 53 P.S. § 10908(9).[2] *See* R.R. at 11. The Mohammeds explained that any hearings that the ZHB intended to hold

---

[2] Section 908(9) of the MPC provides, in relevant part:

Except for [landowners' challenges to the validity of ordinances or maps restricting use or development] where the board fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. § 10908(9).

on the matter were subject to the time limits provided by Section 908(1.2);[3] accordingly, no hearing could have been scheduled beyond August 2, 2020, the conclusion of the third and final 90-day continuance agreed to by the parties. *Id.* at 13. Alternatively, the Mohammeds argued that they were entitled to a variance by estoppel due to the ZHB's failure to enforce the zoning code, despite the ZHB's awareness of the nonconforming use for well over a decade. *Id.* at 15. The Township filed a Notice of Intervention on February 5, 2021, in which it argued against the Mohammeds' appeal from the enforcement order. *Id.* at 4. In response, the Mohammeds filed a motion to quash the Township's appeal as improperly filed. *Id.* at 2.

Notwithstanding the still-pending Land Use Appeal, the Mohammeds published a Notice of Deemed Approval of the variance request on May 19, 2021, pursuant to Section 908(9) of the MPC, 53 P.S. § 10908(9).[4] *Id.* at 119. On June

---

[3] Section 908(1.2) of the MPC provides, in relevant part:

> The first hearing before the board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time. Each subsequent hearing before the board or hearing officer shall be held within 45 days of the prior hearing, unless otherwise agreed to by the applicant in writing or on the record.

53 P.S. § 10908(1.2).

[4] Section 908(9) of the MPC provides, in relevant part:

> When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in subsection (1) of this section. *If the board shall fail to provide such notice, the applicant may do so.* Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction.

**(Footnote continued on next page…)**

28, 2021, the Township filed an appeal of the Notice of Deemed Approval as a separate action, to which the Trial Court assigned docket number 3362 CV 2021. *Id.* at 8. The Mohammeds then filed a motion to quash the Township's appeal of their Notice of Deemed Approval, arguing that the Township failed to file it within the 30-day period provided by Section 1002-A(a) of the MPC, 53 P.S. § 11002-A(a).[5] *See* Original Record (O.R.), Item No. 10. The Township filed a motion to consolidate the two matters, which the Trial Court granted on October 7, 2021. *See* O.R., Item No. 15.

Before the Trial Court, the Township argued that the October 26, 2020 hearing was not untimely as a matter of law. Trial Ct. Op., 12/16/2021, at 8. The Township referred to the Act of April 20 of 2020, P.L. 82, No. 15, § 1.3 (Act 15), which, *inter alia*, "suspended and tolled" certain actions by municipal governments beyond the normal deadlines provided in the MPC.[6] *Id.* Act 15's tolling provision, the

---

53 P.S. § 10908(9) (emphasis added).

[5] Section 1002-A(a) of the MPC provides, in relevant part:

All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9)2 of this act.

Added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 11002-A(a).

[6] The relevant provision of Act 15, now codified at 35 Pa.C.S. § 5741(g)(1), provides that, for "an action required by law in consideration of any application, plat, plan or other submission for an approval or for an action on an appeal or curative amendment," the statutory time limits on review, hearings, and decisions "shall be suspended and tolled as of the date of the disaster or emergency declaration or as of the date received if received during the disaster or emergency declaration, and shall resume 30 days after the effective date of this section."

Township argued, effectively extended the second 90-day continuance, agreed to by the parties on February 4, 2020, by 75 days, so that it ended not on August 2, 2020, as asserted by the Mohammeds, but on October 16, 2020. The Township argued that the time available for a hearing should then be extended by another 11 days due to the unavailability of the Mohammeds' counsel for the requested conference call, until September 28, 2020. *Id.* at 5. In response, the Mohammeds asserted that Act 15 only tolled the limits imposed by Section 908(1.2) of the MPC, and was inapplicable to instances where parties contractually agreed to alternative deadlines. *Id.* at 9.

In its December 16, 2021 Order, which bore a double caption at the top with both of the consolidated matters' docket numbers, the Trial Court **denied** the Township's appeal of the Notice of Deemed Approval at 3362 CV 2021, **dismissed as moot** the Mohammeds' motion to quash that appeal, and **granted** the Mohammeds' motion to quash the Township's previous appeal on that matter at the same docket number.[7] *Id.* at 22. While rejecting the Mohammeds' argument that Act 15 had no effect on the 90-day continuances agreed to by the parties, the Trial Court nonetheless agreed that the final hearing on the matter could have properly taken place by October 16, 2020, at the latest.[8] *Id.* at 16. When that date passed

---

[7] The Trial Court's Order also granted the Township's motion to consolidate the two matters, reflecting a previous order issued on October 7, 2021.

[8] In fact, the Trial Court expressed the opinion that Act 15 only extended the statutory deadline by 16 days, from August 2, 2020 (the end of the final 90-day continuance period) to August 18, 2020. Trial Ct. Op. at 12. The Trial Court reached this conclusion because it did not believe that Act 15 added *consecutive* periods to both the February 4, 2020 and May 4, 2020 continuance agreements. *Id.* However, the Trial Court reasoned that even if it accepted the Township's proposed interpretation of Act 15's tolling provision, that would only extend the deadline to October 16, 2020. *Id.* The unavailability of the Mohammeds' counsel for 11 days in September, 2020, "did not negate the duty of the ZHB to conduct a timely hearing on or before October 16, 2020, assuming that was the deadline." *Id.*

6

without further action by the Township, the Trial Court explained, a deemed zoning approval occurred by operation of law. *Id.* at 19. Since it found that a deemed approval did occur, the Trial Court did not rule on the issue of the timeliness of the Township's appeal at 3362 CV 2021. *Id.*

The Township filed a single notice of appeal to this Court on January 26, 2022. *See* Notice of Appeal, 1/26/2022. In a June 14, 2022 *per curiam* order, this Court directed the parties to address "whether [the Township's] filing of a single notice of appeal complies with the mandates set forth by the Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), *overruled in part by Commonwealth v. Young*, 265 A.3d 462 (Pa. 2021), in their principal briefs on the merits or in an appropriate motion." Order, 6/14/2022. The Township filed a separate appeal on July 18, 2022, in which it explained that an "appeal to No. 2021-CV-3362 is pending in the Commonwealth Court [at] No. 65 C.[D]. 2022." *See* Notice of Appeal, 7/18/2022. The Mohammeds filed an Application to Quash regarding that appeal, in which they argued that it was untimely filed under 42 Pa.C.S. § 5571(b).[9]

Pursuant to our June 14, 2022 order, the Mohammeds filed an additional Application to Quash on August 5, 2022, in which they argued that this Court should quash the Township's appeal due to the failure to file separate appeals for both docket numbers as required by Pennsylvania Rule of Appellate Procedure 341.[10] *See* Mohammeds' Application to Quash, 8/5/2022. The Township filed an Answer to

---

[9] 42 Pa.C.S. § 5571(b) provides that "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."

[10] The Note to Rule 341 provides that "where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Official Note (citing *Malanchuk v. Tsimura*, 137 A.3d 1283, 1288 (Pa. 2016)).

7

the Application to Quash on August 17, 2022, in which the Township asserted that it had "remedied the failure to file separate appeals in the two consolidated matters in the [T]rial [C]ourt." Answer to the Appl. to Quash. The Township further argued that quashal was unwarranted as "the issues underlying the appeal are identical." *Id.* In an October 5, 2022 order, we consolidated both appeals on the basis that "the matters were consolidated before the [T]rial [C]ourt, involve appeals from a single trial court order dated December 16, 2021, and involve a single record." Order, 10/5/2022. Finally, we stated that the Applications to Quash "shall be listed for disposition with the merits of the appeal." *Id.*

## II. Issues

On appeal,[11] the Township argues that the ZHB "acted quickly and purposefully" with regard to the Mohammeds' appeal from the July 17, 2019 enforcement notice. The Township further maintains that the deadline for a final hearing on the matter occurred on October 27, 2020, rendering timely the hearing that occurred on the day before. Regarding its initial filing of a single notice of appeal in this Court, the Township maintains that "the issues raised in the Order below are identical as to both underlying matters." Township's Br. at 22.

---

[11] In a case where the trial court takes no additional evidence, but makes its own findings based on the record before a local zoning hearing board, we must examine the trial court's decision, not the board's, for evidentiary support. *E. Consol. and Dist. Servs., Inc. v. Bd. of Comm'rs of Hampden Twp.*, 701 A.2d 621, 623 (Pa. Cmwlth. 1997). Where an appeal presents issues of law, including issues of statutory interpretation, this Court's scope of review is plenary and our standard of review is *de novo*. *1050 Ashbourne Assocs., LLC v. Cheltenham Twp. Bd. of Comm'rs*, 167 A.3d 828, 831 n.6 (Pa. Cmwlth. 2017).

8

### III. Discussion

### A. Quashal Pursuant to Rule 341(a) and *Walker*

Pennsylvania Rule of Appellate Procedure 341(a) provides that an appeal may be taken as of right from any final order of an administrative agency or lower court. In relevant part, the Official Note to Rule 341 provides:

> A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order. See, e.g., *K.H. v. J.R.*, 826 A.2d 863, 870-71 (Pa. 2003) (notice of appeal following trial); *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012) (notice of appeal of summary judgment); *Laster v. Unemployment Comp. Bd. of Rev.*, 80 A.3d 831, 832 n.2 (Pa. Cmwlth. 2013) (petition for review of agency decision). **Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.** *Malanchuk v. Tsimura*, 137 A.3d 1283, 1288 (Pa. 2016) ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments"); *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note (emphasis added).

In *Walker*, 185 A.3d at 976-77, our Supreme Court characterized Rule 341(a) as "a bright-line mandatory instruction to practitioners to file separate notices of appeal" for each docket. More recently, however, in *Always Busy Consulting, LLC v. Babford & Company, Inc.*, 247 A.3d 1033, 1043 (Pa. 2021), the Supreme Court—while reaffirming the general rule that separate notices of appeal must be filed—held that a narrow exception applies. Specifically, the Court explained, "a single notice of appeal from a single order entered at the lead docket number for consolidated civil matters where all record information necessary to adjudication of the appeal exists,

9

and which involves identical parties, claims and issues, does not run afoul of *Walker*, Rule 341, or its Official Note." *Id.*

In *Always Busy Consulting*, a party filed a petition to vacate an arbitration ruling in a county court of common pleas; the prevailing party filed a petition to confirm the ruling, also in the common pleas court, at a separate docket number. *Id.* at 1035. The common pleas court granted a joint motion to consolidate the actions and, following the submission of briefs and oral argument, confirmed the arbitration award. *Id.* The appealing party filed a single appeal in the Superior Court, and attempted to remedy the error with a second notice of appeal at the other docket number; the Superior Court nonetheless quashed on *Walker* grounds. *Id.* at 1036. In its reversal, the Supreme Court explained that the Superior Court's strict application of *Walker* "improperly elevated form over substance." *Id.* at 1043. In contrast to *Walker*, in which a criminal trial court granted motions to suppress by "multiple defendants in separate, unconsolidated cases," the consolidated dockets in *Always Busy Consulting* featured "complete identity of the parties and claims." *Id.* Thus, the trial court's order "disposed of . . . litigation which involved two sides of the same coin, *i.e.*, competing petitions to vacate or confirm the same arbitration award." *Id.*

In *Young*, 265 A.3d at 477, the Supreme Court reaffirmed the *Always Busy Consulting* exception to the *Walker* rule, holding that "nothing practical is achieved by the reflexive quashal of appeals for easily corrected, non-jurisdictional defects." The Court acknowledged that the appeal at issue in *Young* did not fit within *Always Busy Consulting*'s narrow exception, because it did not involve "different sides of the same coin—that is, different ways of litigating the exact same dispute," and there was no lead docket number. *Id.* at 475. However, the Court analyzed the issue not

10

only in light of Rule 341 but also Rule 902(b)(1), which provides that a party's failure to comply with normal procedural requirements "does not affect the validity of the appeal, but the appeal is subject to such action as the appellate court deems appropriate." Pa.R.A.P. 902(b)(1). Reasoning that "there were two timely-filed notices of appeal in this case . . . that listed additional docket numbers for each defendant," the Supreme Court remanded to the Superior Court to reconsider the appellant's request to remedy its error "so that the omitted procedural step may be taken." *Young*, 265 A.3d at 477-78 (citing Pa.R.A.P. 902(b)(1)).

Instantly, the Mohammeds argue that the *Walker* bright-line rule applies to the Township's appeal because the actions initiated in the Trial Court raise distinct legal issues. Specifically, at 318 CV 2021 (the basis of the appeal now docketed in this Court at No. 988 C.D. 2022), the Mohammeds raised the issue of a deemed approval pursuant to Section 908(1.2) of the MPC, whereas the matter docketed at 3362 CV 2021 (the basis of the appeal now docketed in this Court at No. 65 C.D. 2022) concerned the Township's separate appeal of the Notice of Deemed Approval, in opposition to which the Mohammeds raised the issue of timeliness pursuant to Section 1002-A of the MPC. The Mohammeds maintain that the issues are meaningfully distinct because, even if no deemed approval had occurred on the basis of Section 908(1.2), the Mohammeds "would still be entitled to deemed approval under" Section 1002-A. Appl. to Quash ¶ 7. Additionally, the Mohammeds argue that the Township's belated effort to perfect its appeal with its separate filing at No. 988 C.D. 2022 is improper because it occurred well beyond the 30-day deadline for appeals, and because the Township never sought permission from this Court or the Trial Court to correct its error, but rather "proceeded on its own to file an untimely appeal." *Id.* ¶ 10.

In response to the Mohammeds, the Township asserts that "the issues underlying the appeal[s] are identical." Answer to Appl. to Quash ¶ 4. The Township explains, puzzlingly, that the "issues raised in the [3362 CV 2021, now docketed at No. 65 C.D. 2022,] matter are not subject to appeal." *Id.* Furthermore, the Township does not deny that its filing of a second appeal was untimely, but simply states that it "corrected" its error "by filing a Notice of Appeal to [318 CV 2021]." *Id.* ¶ 3.

We do not agree entirely with the Township that the issues underlying the instant appeals are *identical*. As the Mohammeds demonstrate, each appeal involves distinct provisions of the MPC, on which the parties make different sets of arguments. Nonetheless, we reject the Mohammeds' claim that the Township's appeal is subject to automatic quashal pursuant to *Walker*, for three reasons. First, even though there is a difference in issues such that the two docket numbers may not exactly represent "two sides of the same coin," *Always Busy Consulting*, 247 A.3d at 1043, the Supreme Court's holding in *Young* instructs that this does not itself preclude remediation of a timely appeal "erroneously filed at only one docket." 265 A.3d at 477. The two matters consolidated by the Trial Court in this case lack the complete symmetry of the competing petitions in *Always Busy Consulting.* Nonetheless, they involve directly opposing arguments for and against the same ZHB decision, regarding a single, nonconforming use at a single property, and the Trial Court disposed of the issues in a single order. Furthermore, the record presented to this Court following the Township's first filing of an appeal contains the information required for appellate review of the Trial Court's decision regarding both docket numbers. *See Always Busy Consulting*, 247 A.3d at 1043 (permitting appeal "where all record information necessary to adjudication of the appeal exists").

12

The second reason that we reject the Mohammeds' arguments regarding quashal is that the Township's failure to seek this Court's permission before attempting to remedy its procedural error is, though perhaps inadvisable, not fatal to its appeal. Neither *Always Busy Consulting*, nor *Young*, nor the relevant Rules of Appellate Procedure expressly require an appealing party to take such a step before a defective appeal can be perfected. Recently, in *Landlord Service Bureau, Incorporated v. City of Pittsburgh*, 291 A.3d 961, 970 (Pa. Cmwlth. 2023), an appealing party failed to seek leave of court to remedy a procedural defect identical to the one at issue in this case, but (as in the instant case) did so in its merits brief; we declined to quash the appeal on that basis. In keeping with our recent decision in *Landlord Service Bureau*, we see no reason to quash the Township's appeal simply because it had not sought our permission before its second appeal filing. In a similar vein, we disagree with the Mohammeds that the second appeal is invalid because it was not filed within the 30-day appeal period mandated by Pa.R.A.P. 903. It is the initial, albeit defective, filing that is subject to the 30-day deadline, not its purported correction. *See Young*, 265 A.3d at 477 (holding that, "where a timely appeal is erroneously filed *at only one docket*, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate") (emphasis added).

The third, final reason that we find the Mohammeds' arguments unavailing is that we disagree on the extent to which *Walker*'s bright-line rule continues to exist. In *Walker*, the Supreme Court did not take into account the tension between the strictness of its holding and Rule 902(b)(1), which instructs leniency toward erroneously filed appeals. While addressing that discrepancy in *Young*, the Court acknowledged that it was "largely blunt[ing] the bright line rule the *Walker* Court

13

sought to impose with respect to Rule 341(a)." 265 A.3d at 477. The Court concluded that Rules 341(a) and 902(b)(1) must be read in relation to one another; thus, while Rule 341(a) requires separate notices of appeal when a single order resolves issues arising on more than one docket, Rule 902(b)(1) grants an appellate court *discretion*, where appropriate, to allow correction of the error. While quashal indeed remains one option available to this Court, *Walker*'s bright-line rule, insofar as it *mandates* quashal, has been supplanted by *Always Busy Consulting* and *Young*.

There may indeed be circumstances in which quashal of an appeal is warranted where separate notices of appeal should have been, but were not, filed: for example, where an order disposes of largely unrelated issues, involves different parties, or requires an examination of different records before it may be reviewed by the appellate court. As the Supreme Court observed in *Walker*, the failure to file separate appeals may force the reviewing court to "'go behind' the notice of appeal to determine if the same facts and issues apply to all of the appellees." 185 A.3d at 977. In this case, however, since the Township's failure to file separate appeals neither encumbers appellate review nor results in prejudice to the Mohammeds,[12] we decline to quash the appeal.

## B. The Deemed Approval

Section 908 of the MPC governs the manner in which municipal zoning hearing boards are to conduct hearings and issue their decisions. In relevant part, Section 908(1.2) provides that the first hearing "shall be commenced within 60 days" from the date of receipt of an application, unless the applicant has agreed in writing

---

[12] *See Young*, 265 A.3d at 477 (agreeing with appellant's arguments that "there would have been no prejudice" to the opposing parties if the Superior Court had allowed correction of the procedural defect, and that "nothing practical is achieved by the reflexive quashal of appeals for easily corrected, non-jurisdictional defects").

14

to an extension of time. 53 P.S. § 10908(1.2). Each *subsequent* hearing "shall be held within 45 days of the prior hearing, unless otherwise agreed to by the applicant in writing or on the record." *Id.* Section 908(9) further provides, in relevant part, that the board shall render a written decision within 45 days of the last hearing. 53 P.S. § 10908(9). Significantly, Section 908(9) further provides:

> [W]here the board fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

*Id.* The purpose of the given time limits, which are mandatory, is protect the applicant from dilatory conduct by the municipality. *State Signz Co. v. Burgettstown Borough*, 154 A.3d 416, 421 (Pa. Cmwlth. 2017).

Instantly, the Township held two initial hearings on its enforcement notice on October 24, 2019, and November 7, 2019; at the conclusion of the latter, the Township persuaded the Mohammeds to agree to a 90-day continuance before an additional hearing. R.R. at 276. On February 4, 2020, the parties agreed to an additional 90-day continuance, and a third 90-day continuance on May 4, 2020. *Id.* at 277. On September 17, 2020, the Township requested a conference call, for which the Mohammeds' counsel was unavailable until September 28, 2020. *Id.* at 278. When the conference call occurred, the Township requested a final hearing on the matter, and the Mohammeds' counsel, though maintaining that the Township was "out of time," agreed. *Id.* When the final hearing occurred, on October 26, 2020, the Mohammeds maintained that the time for a final hearing had passed. *Id.* at 280. Accordingly, the Mohammeds published a Notice of Deemed Approval on May 19, 2021. *See id.* at 119.

15

On appeal, the Township argues that the October 26, 2020 hearing was timely held for two reasons. First is that Act 15, which tolled Section 908's statutory deadlines from March 6, 2020, to May 20, 2020, extended the 90-day continuances agreed to by the parties by a full 75 days (the length of time between the Governor's disaster declaration relating to the COVID-19 pandemic and the effective date of Act 15). Thus, the Township argues that Act 15 moved the last day on which a hearing could be held from August 2, 2020, to October 16, 2020. Second, the Township maintains that the unavailability of the Mohammeds' counsel for 11 days following the Township's initial request for a conference call should be tacked onto the October 16, 2020 deadline, with the result that the October 26, 2020 hearing was timely.[13]

The Mohammeds assert that a deemed approval occurred by operation of Section 908(9) after the last 90-day continuance elapsed without action by the Township. In support, the Mohammeds rely largely on the Supreme Court's decision in *Wistuk v. Lower Mount Bethel Township Zoning Hearind Board*, 925 A.2d 768 (Pa. 2007). In that case, the Court held that a deemed zoning approval occurred where "nothing in writing or of record fairly reflects any kind of affirmative agreement on [the applicant's] part to an extension of the [45-]day period" required for a final hearing. *Id.* at 773. The Mohammeds argue that *Wistuk* controls in this

---

[13] We note our displeasure with the Township's failure to develop this argument properly in its Brief to this Court. After referring to the argument in its Statement of the Questions Involved, the Township seems to drop the issue from the remainder of the Brief. *See* Township's Br. at 7. This Court has repeatedly held that we will not consider the merits of an issue that is not properly raised and developed in a brief. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005); *see also Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009) (explaining that appellant's failure to develop its arguments or support its bald assertions with sufficient citation to legal authority impedes meaningful judicial review of its claims).

16

case, because the last 90-day continuance to which they agreed ended on August 2, 2020. Act 15 extends that period either to August 18, 2020 or, at the latest, to October 16, 2020. By either interpretation of Act 15's effect on the relevant deadlines, the Mohammeds argue that a deemed approval occurred under *Wistuk*.

We reject the Township's argument that the October 26, 2020 hearing was timely, as there is simply no basis for assuming that the deadline for that hearing occurred any later than October 16, 2020. The Township cites no legal authority for its contention that its inability to arrange a conference call with the Mohammeds' counsel for 11 days in September, 2020, tolls the deadline period any further. As the Mohammeds correctly note in their Brief, the October 26, 2020 hearing was not timely "[u]nder any possible construction of Act 15." Mohammeds' Br. at 8. Thus, we agree with the Trial Court that a deemed approval occurred under Section 908(9) of the MPC.

## IV. Conclusion

The Township's failure to file separate notices of appeal for both docket numbers consolidated by the Trial Court does not warrant quashal of the instant appeal. However, the Township fails to establish any reasonable basis for reversing the Trial Court's conclusion that a deemed approval occurred when the Township failed to act within the deadline imposed by Section 908(1.2) of the MPC. Thus, we affirm the Trial Court.

_____
ELLEN CEISLER, Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kamaladeen Mohammed and : 
Shanta M. Mohammed and : 
Kamal Trucking, Inc. : 
  : 
v. : Nos. 65 C.D. 2022 and 988 C.D. 2022
  : 
Tobyhanna Township Zoning : 
Hearing Board : 
  : 
v. : 
  : 
Tobyhanna Township, : 
                 Appellant : 

## **O R D E R**

AND NOW, this 18th day of October, 2023, the order of Court of Common Pleas of Monroe County in the above-captioned matter, dated December 16, 2021, is hereby AFFIRMED. The Applications to Quash filed by Kamaladeen Mohammed, Shanta M. Mohammed, and Kamal Trucking, Inc. are DENIED.

_____
ELLEN CEISLER, Judge